IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARMEN GARCIA, | | |
| | Plaintiff, | No. 2:09-cv-2982 FCD JFM PS |
| vs. | | |
| PLM LENDER SERVICES, INC., etc., et al., | | <u>FINDINGS & RECOMMENDATIONS</u> |
| | Defendants | |
| _____/ | | |

      ced Presently calendared for hearing on February 18, 2010 are defendant American Mortgage Network's motions to dismiss and motion to strike. Pursuant to Local Rule 230(g), the court has determined that the matter will be submitted on the papers without oral argument. Good cause appearing, THE COURT FINDS AS FOLLOWS:

      On January 6, 2010, the previously-noticed hearing on the pending motion to dismiss was continued to February 18, 2010, and plaintiff was granted until February 3, 2010 in which to file an opposition. Plaintiff was cautioned that failure to file opposition and appear at the hearing would be deemed as a statement of non-opposition to the granting of the motion. Plaintiff has filed no opposition, although court records reflect plaintiffs were properly served with notice of the continued hearing date at plaintiffs' address of record.

/////

1

Local Rule 230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." In addition, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

By order filed January 6, 2010, plaintiff was advised of the requirements under the Local Rules, afforded additional time to file opposition, cautioned that failure to file opposition would be deemed a statement of nonopposition and would result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff has not responded to the order and again failed to file opposition. Pursuant to Local Rule 230(i), therefore, the court deems the failure to appear at the hearing a withdrawal of opposition to the pending motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ghazali, 46 F.3d at 53. Plaintiff's failure to comply with the Local Rules has impeded the expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue. Although public policy favors disposition of cases on their merits, plaintiff's failure to oppose the pending motion has precluded the court from doing so. In addition, defendant is prejudiced by the inability to reply to opposition and by bearing the costs

1 of counsel attending hearings where plaintiff fails to appear.  Finally, the court has repeatedly 2 advised plaintiff of the requirements under the Local Rules and granted ample additional time to 3 oppose the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of 4 this action.

Accordingly, IT IS HEREBY ORDERED that the February 18, 2010 hearing is vacated;

IT IS RECOMMENDED that:

1. The motion to strike be denied as moot; and

2. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2010.

UNITED STATES MAGISTRATE JUDGE

014; garcia.fr